**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

MATTHEW LEE PHILLIPS,

      Plaintiff,

v.                                                                                      Civ No. 22-356-GJF

STATE OF NEW MEXICO,
COUNTY OF DONA ANA,
THIRD JUDICIAL DISTRICT
ATTORNEY'S OFFICE, and
TIMOTHY ROSE,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER TO SHOW CAUSE</u>**

THIS MATTER comes before the Court on *pro se* Plaintiff's Corrected Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [ECF 11], filed May 9, 2022 ("Complaint").

Plaintiff alleges that he witnessed four individuals burglarizing his vehicle and the individuals assaulted Plaintiff. *See* Complaint at 7. The Third Judicial District Attorney's Office later filed charges against Plaintiff based on Plaintiff's interaction with the individuals. *See* Complaint at 7. Plaintiff states that the "Dona Ana County Sheriffs Department investigators had previous cleared [Plaintiff] of the [individuals'] allegations." Complaint at 7. "[Defendants] Timothy Rose and the District attorneys office then immediately dropped all 6 charges against [Plaintiff] after reviewing the Polygraph results that [Plaintiff] had passed successfully earlier that day." Complaint at 8.

Plaintiff asserts the following claims: (i) "Right to a speedy trial under the Federal Bill of Rights & Sixth amendment and 14th Amendment;" (ii) "Fifth Amendment right to a grand jury;" (iii) "violation of castle doctrine & right to protect property;" and (iv) "violation of Freedom of Information Act." Complaint at 3-4. Plaintiff seeks monetary damages. *See* Complaint at 5.

Plaintiff also alleges that the Las Cruces Sun News defamed Plaintiff but does not appear to assert a defamation claim against the Las Cruces Sun News in this case because Plaintiff has not named Las Cruces Sun News as a Defendant and has filed a separate action asserting defamation claims against the Las Cruces Sun News and a Las Cruces Sun News journalist, Bethany Freudenthal, based on the same facts.  *See Phillips v. Las Cruces Sun News*, No. 2:22-cv-00357-SMV.

The Complaint fails to state a claim upon which relief can be granted as to Defendant State of New Mexico.  "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).   There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181.  Neither exception applies in this case.  "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his Complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant County of Dona Ana.  "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658,

694 (1978)).  There are no allegations showing that a County policy or custom was the moving force behind the alleged constitutional deprivations.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant District Attorney Timothy Rose.  "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007).  Because the alleged actions of Defendant Rose clearly cast him in the role of an advocate initiating and presenting the government's case, he is entitled to absolute immunity.

The Complaint fails to state a claim for violation of the Sixth Amendment speedy trial right.  *See* U.S. Const. amend. VI ("[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial").  "The sole remedy for a violation of the speedy trial right [is] dismissal of the charges." *Betterman v. Montana*, 578 U.S. 437, 444 (2016); *see also United States v. Medina*, 918 F.3d 774, 779-80 (10th Cir. 2019) ("[A]lthough the [Sixth Amendment] right [to a speedy trial] is somewhat amorphous, the remedy is severe: dismissal of the indictment.").  The Court cannot grant Plaintiff the only relief available for a violation of the right to a speedy trial, dismissal of the charges, because the District Attorney's Office has already dismissed all charges against Plaintiff.  *See* Complaint at 8.

The Complaint fails to state a claim for a violation of the Fifth Amendment right to a grand jury.  *See* U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury").  "[T]he Fifth Amendment right to grand jury indictment has never been 'incorporated' via the Fourteenth Amendment as a substantive restriction on state criminal procedure, *Branzburg v. Hayes,* 408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 2660 n. 25, 33 L.Ed.2d 626 (1972), and thus may not be the basis

3

of a claim under 42 U.S.C. § 1983." *Clanton v. Cooper*, 129 F.3d 1147, 1155 (10th Cir. 1997) (overruled on other grounds by *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007)).

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 for "violation of castle doctrine & right to protect property." While the castle doctrine and the right to protect property may be set by state law, such concepts do not appear to "give[] rise to a federal right" that was violated by one or more Defendants. *Mandy R. ex rel. Mr. and Mrs. R. v. Owens*, 464 F.3d 1139, 1146-47 (10th Cir. 2006) (citing *Blessing v. Freestone,* 520 U.S. 329, 340 (1997)) (observing that "[t]o seek redress through § 1983, a plaintiff must assert a violation of a federal *right*, not merely a violation of federal law" (emphasis added)).

The Complaint fails to state a claim pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges Defendant Rose ordered Plaintiff to take a polygraph and failed to provide the results of the polygraph to Plaintiff. *See* Complaint at 11. FOIA "requires *federal agencies* to make Government records available to the public." *Brown v. Perez*, 835 F.3d 1223, 1229 (10th Cir. 2016) (quoting *Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011)) (emphasis added). Defendant Rose is not a federal agency subject to FOIA.

**IT IS THEREFORE ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for failure to state a claim.

**IT IS FURTHER ORDERED** that if Plaintiff asserts that the Court should not dismiss this case, Plaintiff shall also, within 21 days of entry of this Order, file an amended complaint alleging facts that state claims over which the Court has jurisdiction. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal

4

right the plaintiff believes the defendant violated.").  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE