### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

MATTHEW L. PHILLIPS,

      Plaintiff,

v.                                                                            No. 2:22-cv-00356-KWR-GJF

STATE OF NEW MEXICO,
COUNTY OF DONA ANA,
THIRD JUDICIAL DISTRICT ATTORNEY, and
TIMOTHY ROSE,

      Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, alleged that he witnessed four individuals burglarizing his vehicle and the individuals assaulted Plaintiff.  *See* Plaintiff's Corrected Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 7, Doc. 11, filed May 9, 2022 ("Complaint").  The Third Judicial District Attorney's Office later filed charges against Plaintiff based on Plaintiff's interaction with the individuals.  *See* Complaint at 7.  Plaintiff stated that the "Dona Ana County Sheriffs Department investigators had previous cleared Me of the [individuals'] allegations." Complaint at 7.  "[Defendants] Timothy Rose and the District attorneys office then immediately dropped all 6 charges against [Plaintiff] after reviewing the Polygraph results that [Plaintiff] had passed successfully earlier that day."  Complaint at 8.

Plaintiff asserted the following claims: (i) "Right to a speedy trial under the Federal Bill of Rights & Sixth amendment and 14th Amendment;" (ii) "Fifth Amendment right to a grand jury;" (iii) "violation of castle doctrine & right to protect property;" and (iv) "violation of Freedom of Information Act."   Complaint at 3-4.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff that:

the Complaint fails to state a claim upon which relief can be granted as to Defendant State of New Mexico.  "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).   There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued."  *Id.* at 1181.  Neither exception applies in this case.  "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983."  *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his Complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant County of Dona Ana.  "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation."  *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).  There are no allegations showing that a County policy or custom was the moving force behind the alleged constitutional deprivations.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant District Attorney Timothy Rose.  "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case."  *Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007).  Because the alleged actions of Defendant Rose clearly cast him in the role of an advocate initiating and presenting the government's case, he is entitled to absolute immunity.

The Complaint fails to state a claim for violation of the Sixth Amendment speedy trial right.  *See* U.S. Const. amend. VI ("[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial").  "The sole remedy for a violation of the speedy trial right [is] dismissal of the charges."  *Betterman v. Montana*, 578 U.S. 437, 444 (2016); *see also United States v. Medina*, 918 F.3d 774, 779-80 (10th Cir. 2019) ("[A]lthough the [Sixth Amendment] right [to a speedy trial] is somewhat amorphous, the remedy is severe: dismissal of the indictment.").  The Court cannot grant Plaintiff the only relief available for a violation of the right to a speedy trial, dismissal of the charges, because the District Attorney's Office has already dismissed all charges against Plaintiff.  *See* Complaint at 8.

The Complaint fails to state a claim for a violation of the Fifth Amendment right to a grand jury.  *See* U.S. Const. amend. V ("No person shall be held to answer

2

for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury").  "[T]he Fifth Amendment right to grand jury indictment has never been 'incorporated' via the Fourteenth Amendment as a substantive restriction on state criminal procedure, *Branzburg v. Hayes,* 408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 2660 n. 25, 33 L.Ed.2d 626 (1972), and thus may not be the basis of a claim under 42 U.S.C. § 1983." *Clanton v. Cooper*, 129 F.3d 1147, 1155 (10th Cir. 1997) (overruled on other grounds by *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007)).

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 for "violation of castle doctrine & right to protect property."  While the castle doctrine and the right to protect property may be secured by state law, it does not appear they are secured by federal law.  *See Mandy R. ex rel. Mr. and Mrs. R. v. Owens*, 464 F.3d 1139, 1146-47 (10th Cir. 2006) ("To seek redress through § 1983, a plaintiff must assert a violation of a federal right, not merely a violation of federal law") (citing *Blessing v. Freestone,* 520 U.S. 329, 340 (1997)).

The Complaint fails to state a claim pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Plaintiff alleges Defendant Rose ordered Plaintiff to take a polygraph and failed to provide the results of the polygraph to Plaintiff. *See* Complaint at 11.  FOIA "requires *federal agencies* to make Government records available to the public." *Brown v. Perez*, 835 F.3d 1223, 1229 (10th Cir. 2016) (quoting *Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011)) (emphasis added).  Defendant Rose is not a federal agency subject to FOIA.

Doc. 12, filed May 19, 2022.  Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim and, if Plaintiff asserts that the Court should not dismiss this case, to file an amended complaint.  Judge Fouratt also notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case.  Plaintiff did not show cause or file an amended complaint by the June 9, 2022, deadline.

The Court dismisses Plaintiff's Complaint for failure to state a claim for the reasons stated by Judge Fouratt.  Plaintiff did not timely file an amended complaint or otherwise respond to Judge Fouratt's Order.  The Court therefore dismisses this case for failure to state a claim.

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**